**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 20, 2009

No. 08-41357
Summary Calendar

Charles R. Fulbruge III
Clerk

SYLVESTER J HOFFART, Individually and as Guardian of the
Person and Estate of Louise T Hoffart

Plaintiff - Appellant

v.

BOB HERMAN, District Attorney Washington County Oregon; JANELLE
FACTORA WIPPER, Deputy District Attorney Washington County Oregon

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-46

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sylvester Hoffart appeals the district court's dismissal of his claims against District Attorney Bob Herman and Deputy District Attorney Janelle Factora Wipper (the "Oregon Prosecutors"). We AFFIRM.

While Hoffart's complaint is sketchy, we can discern that he contends that he and Louise Hoffart were victimized by Hal Wiggins and others in violation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Oregon statutes. He complained to the Oregon authorities, but Wipper declined to prosecute for various reasons Hoffart contends are false. He contends that Wipper's declination to prosecute and alleged false statements she made, as well as her refusal to respond to further inquiries from Hoffart, constitute a further victimization of the Hoffarts in violation of Oregon law.

It is unclear why this action was brought in the Eastern District of Texas, and the Oregon Prosecutors challenged personal jurisdiction and venue. They also claimed absolute prosecutorial immunity. The district court dismissed the case and certified its judgment as a final judgment as to the Oregon Prosecutors under Federal Rule of Civil Procedure 54(b).

We need not reach the questions of personal jurisdiction and venue because we agree that Hoffart's claims – all stemming from the discretionary decision not to prosecute – are barred by absolute prosecutorial immunity under both federal and Oregon law. *Van de Kamp v. Goldstein*, 129 S. Ct. 855 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); OR. REV. STAT. § 30.265(3)(c); *Tennyson v. Children's Servs. Div.*, 775 P.2d 1365 (Or. 1989). We also agree that the motion to disqualify the Oregon Attorney General as counsel in the district court was mooted by its dismissal of the case against these defendants.

Accordingly, the judgment of the district court is AFFIRMED.